IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:12-CR-75-D-3

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| PRENTISE JAVAUGHN WILKINS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives. The defendant presented the testimony of the proposed third-party custodian, his grandmother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in 9 counts of a 32-count indictment on 13 June 2012 with Hobbs Act robbery, including one count (ct. 17) of attempted Hobbs Act robbery, of various fast food restaurants in eastern North Carolina, and aiding and abetting the same, in violation of 18

U.S.C. §§1951 and 2.  The alleged offense dates are 15 November 2011 (ct. 9), 5 January 2012 (ct. 17), 6 January 2012 (ct. 19), 9 January 2012 (ct. 21), 11 January 2012 (ct. 23), 16 January 2012 (ct. 25), 20 January 2012 (ct. 27), 23 January 2012 (ct. 29), and 23 January 2012 (ct. 31). He was charged in 9 additional counts with use and carrying of a firearm during and in relation to each of the foregoing robberies, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (cts. 10, 18, 20, 22, 24, 26, 28, 30, and 32).

The evidence presented at the hearing showed that the robberies involved two to three armed masked men entering fast food restaurants.  The customers were held at gun point in the dining area while others took money from the cash registers and forced the manager to the office to obtain more money.  The government's case relies on, among other evidence, statements by co-defendant Marcus Roshawn Garrett describing defendant's role in the various robberies and attempted robbery; statements by other persons implicating defendant; Garrett's identification of defendant in videos of various robberies; records of defendant's cellular telephone placing defendant in the area of robberies around the time they occurred; evidence of the robberies (*e.g.*, a ski mask like those used by the robbers, hoodies like those worn by the robbers, bags like those used by the robberies for the stolen money, coin wrappers) recovered from defendant's mother's house, where defendant resided on occasion; and other evidence seized during a search of defendant's girlfriend's residence, where defendant also lived.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government.  In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required

include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related and violent nature of the offenses charged; the circumstances of the offenses charged, including their multiplicity and relative recency, and the extended prison term defendant faces if convicted; defendant's conviction for four misdemeanor convictions, two of which are of a violent nature and one of which involves a firearm; defendant's daily marijuana habit; the unsuitability of the proposed third-party custodial arrangement (notwithstanding the qualification of the proposed custodian) due to the extent of the risk of danger and flight presented by defendant; and the other findings and reasons stated in open court.

The court has considered evidence offered as militating against detention, such as his lack of a more serious criminal record. It finds, however, that the factors favoring detention outweigh such evidence.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 27th day of June 2012.

*James E. Gates*
United States Magistrate Judge